**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FELIPE SANTIAGO ALFONSO REYES,

Petitioner,

v. Case No. 3:26-cv-2731-WWB-SJH

WARDEN, BAKER CORRECTIONAL INSTITUTION, et al.,

Respondents.

**ORDER**

Petitioner, an immigration detainee represented by counsel, is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging, *inter alia*, that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("**INA**"). (Doc. 1 at 7). As relief, he seeks an "individualized bond hearing pursuant to § 1226(a)" or, alternatively, immediate release. (*Id.* at 8–10).

Federal Respondents argue that because Petitioner was paroled into the United States and his parole terminated, he is subject to treatment "as if stopped at the border" and thus, the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), does not control. (Doc. 10 at 5–8 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138, 139 (2020), and *Jean v. Nelson*, 727 F.2d 957 (11th Cir. 1984))).

In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior."

175 F.4th at 1276. While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner who was detained within the interior of the United States—not at the border. *See id.* at 1285 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). Also, he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted); *see also Mendes v. Ripa*, No. 3:26-cv-118, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026) (concluding that *Hernandez Alvarez* applies equally to a petitioner who was paroled into the country and detained in the interior after the parole term expired).

Respondents' reliance on *Thuraissigiam* and *Jean* is not persuasive because those pre-*Hernandez Alvarez* decisions do not address the mandatory detention of aliens apprehended in the interior post-termination of parole. *Thuraissigiam* addressed whether an alien who was "apprehended in the very act of attempting to enter this country" and subject to expedited removal could pursue habeas relief under the Suspension Clause or the Due Process Clause "to obtain additional administrative review of his asylum claim and ultimately . . . stay in this country"; the alien was not seeking conditional release from detention pending immigration proceedings. *See* 591 U.S. at 106, 114, 118–19. In fact, in *Thuraissigiam*, "the legality of [the alien's] detention [was] not in question." *Id.* at 117–18, 122. And *Jean* addressed the "entry-fiction" doctrine in the context of whether the plaintiffs, a class of Haitian detainees, could challenge the government's refusal to grant them parole on equal protection grounds. *See* 727 F.2d at 961–62.

As such, considering the opinion in *Hernandez Alvarez*, the Court grants Petitioner's construed claim that her mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[1]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[2] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.[3] If Respondents release Petitioner,

---

[1] The Court notes it has previously found that aliens, like Petitioner, who entered the United States on parole and are detained after the expiration of that parole are subject to mandatory detention under § 1225(b)(2)(A). *See Abughali v. Warden, North Fla. Detention Ctr.*, No. 3:25-cv-1086-WWB-SJH (M.D. Fla. Feb. 2, 2026). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's claim under the INA, it need not address any other claims Petitioner may have intended to raise. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

[3] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release" (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's Motion to Dismiss (Doc. 9) is **DENIED**.

3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 4, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: Counsel of Record